491 F.2d 679
 UNITED STATES of America, Plaintiff-Appellee,
v.
Julius J. GULLEDGE and Carl Hathcock, Defendants-Appellants.
No. 73-3645 Summary Calendar.*
*Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5th Cir. 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 March 21, 1974.
 
 Calvin A. Hartmann, Houston, Tex. (Court-appointed), for Hathcock.
 Gordon J. Kroll, Houston, Tex. (Court-appointed), for Gulledge.
 Anthony J. P. Farris, U.S. Atty., James R. Gough, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.
 Before COLEMAN, DYER and RONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants separately argue that the District Court erred in accepting their guilty pleas by failing to make a full determination of the factual basis for their pleas to charges of conspiracy to counterfeit twenty-dollar bills in violation of 18 U.S.C.A. 371.
 
 
 2
 There might be some merit to appellants' argument that at the time the pleas were accepted, on September 24, 1973, the Court relied only on the formal charge and each defendant's statement in a procedure which has previously been found wanting under Rule 11, Federal Rules of Criminal Procedure. United States v. White, 483 F.2d 71 (5th Cir. 1973); United States v. Frontero, 452 F.2d 406, 416 (5th Cir. 1971); see McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).
 
 
 3
 At the time of sentencing on October 29, 1973, however, upon inquiry from the Court, the District Attorney recited the facts and evidence in a procedure that we have held to fully comply with Rule 11. United States v. Bethany, 489 F.2d 91 (5th Cir. 1974). Warren v. United States, 488 F.2d 862 (5th Cir. 1974). The defendants were given an opportunity at that time to withdraw their pleas, but declined to do so. A few days later on November 2, 1973, the judgment was entered.
 
 
 4
 The record shows, therefore, that prior to entering judgment, the Court satisfied itself as to the factual basis for the plea by an acceptable method in compliance with Rule 11.
 
 
 5
 Rule 11 provides that 'the Court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.'
 
 
 6
 Affirmed.