IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10313
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL WAYNE MCCOY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-1021-R
USDC No. 3:92-CR-92-R
--------------------

August 25, 1999

Before KING, Chief Judge, and DAVIS and SMITH, Circuit Judges.

PER CURIAM:[*]

Michael Wayne McCoy, prisoner number 23007-077, appearing
*pro se*, appeals the denial of his motion to vacate sentence.
This court granted McCoy a certificate of appealability (COA) on
the sole issue of whether the evidence below was sufficient to
support McCoy's conviction for violation of 18 U.S.C. § 924(c),
which prohibits using or carrying a firearm during and in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

relation to a drug trafficking offense.  Finding no error, we affirm.

The facts of this case were set out in United States v. Haggard, No. 92-1856 (5th Cir. Sept. 21, 1993), and we do not repeat them in detail here.  In short, McCoy and his co-defendant, Billy Jack Haggard, were discovered by law enforcement agents in a motel room engaged in an amphetamine distribution operation.  When an agent approached him, McCoy fell back onto the bed on which he was seated and, as he did so, a semiautomatic pistol slid out from underneath a pillow.

We previously upheld McCoy's conviction, finding that there was sufficient evidence that McCoy used a firearm during a drug trafficking offense.  United States v. Haggard, 5 F.3d 1494 (5th Cir. 1993) (Table, No. 92-1856).  However, since that decision, the United States Supreme Court decided Bailey v. United States, 516 U.S. 137 (1995), in which the Court held that mere possession of a firearm is insufficient to satisfy the "use" prong of § 924(c).  Id. at 143.  Rather, the defendant must actively employ the weapon.  Id. at 144.  McCoy argues that the facts of this case do not support a finding of "use" as defined in Bailey.

Although McCoy may be correct, his appeal is ultimately without merit.  McCoy's co-defendant, Haggard, recently raised the same argument which McCoy proposes here.  See United States v. Haggard, No. 97-10229 (5th Cir. Mar. 10, 1999) (Haggard II). We rejected Haggard's contention as we found that there was sufficient evidence to show that either Haggard or McCoy transported the firearm into the motel room, thereby satisfying

the "carry" prong of § 924(c). See id. at 4. Moreover, the evidence demonstrates that the weapon was easily accessible to McCoy. See United States v. Wainuskis, 138 F.3d 183, 187 (5th Cir. 1998) (in order to satisfy carry prong, weapon must be transported and within arm's reach). Thus, the evidence was sufficient to show that McCoy carried a weapon during the commission of a drug trafficking offense.

Although McCoy's COA was granted on the sole issue of sufficiency of evidence, he also addresses, albeit briefly, the adequacy of the jury instructions, alleging, in essence, that an instruction on constructive possession could have confused the jury with respect to the "use" prong. As we did not grant the COA on the issue of jury instructions, we need not address this argument. Further, McCoy did not raise this argument below, limiting any review to the "plain error" standard. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). Nevertheless, our decision in Haggard II also forecloses McCoy's argument, as we found that despite a flawed instruction on "use," the jury necessarily found facts to support a conviction for carrying a firearm. 97-10229 at 4. Thus, any error was harmless and, therefore, does not meet the higher plain error standard. Id.

Accordingly, we AFFIRM the district court's denial of McCoy's § 2255 motion.

AFFIRMED.