**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 98-20667**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**v.**

**JAMES OSCAR COOPER,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court for the**
**Southern District of Texas**
(H-97-CV-788)

---

January 9, 2001

Before GOODWIN,[*] GARWOOD, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:[**]

Appellant James Cooper challenges the partial denial of his § 2255 motion, which attacked his conviction for using or carrying a firearm in connection with a drug crime under 18 U.S.C. § 924(c)(1). He argues that the presence of nearby shotguns was insufficient to establish that he used or carried the shotguns. We agree, and we vacate this conviction, but the case must be remanded for resentencing.

---

[*]Circuit Judge of Ninth Circuit, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**FACTS**

Cooper owned a heavily fortified private club in Houston. He used the club as a base for drug trafficking operations. Police officers found large quantities of drugs and weapons there during searches between March and October 1990.

The events relevant to this appeal took place in May 1990. Police officers conducting a "check" at the club heard an argument over money in an upstairs office. They entered the office and observed Cooper sitting on a couch holding a bag with two grams of crack cocaine. Another man stood in the room with a pistol in his waistband. Two shotguns, one of them loaded, lay against the wall in an open closet, approximately six to eight feet away from Cooper. Cooper informed the officers that he owned the shotguns.

In 1991, a jury convicted Cooper of numerous drug trafficking crimes. One of these convictions was for using or carrying the pistol and shotguns during and in relation to a drug trafficking crime under 18 U.S.C. § 924(c)(1). Cooper filed a successive 28 U.S.C. § 2255 motion to vacate this conviction for insufficient evidence in light of *Bailey v. United States*, 516 U.S. 137, 143 (1995) (holding that "use" under the statute means more than mere possession). The magistrate judge held that the evidence was insufficient to show that Cooper used or carried the pistol. It denied the motion, however, because it found sufficient evidence to show that Cooper carried the shotguns. Cooper appealed, and

2

this court granted a certificate of appealability to consider whether the evidence was sufficient to convict him of this count.

**STANDARD OF REVIEW**

We review the district court's factual findings on a § 2255 petition for clear error. We review its conclusions of law de novo, applying the same standards as the district court. *See United States v. Wainuskis*, 138 F.3d 183, 185 (5th Cir.1998).

The government argues that the abuse of discretion standard applies, citing *United States v. Cullum*, 47 F.3d 763, 764 (5th Cir.1995). In *Cullum*, the district court denied a § 2255 motion for abuse of § 2255 proceedings. The district court in this case did not deny this motion for abuse of § 2255, so *Cullum* does not apply.

**DISCUSSION**

Cooper argues that the evidence was insufficient to convict him under § 924(c)(1). At the time of his conviction, § 924(c)(1) provided:

> Whoever, during and in relation to any crime of violence or drug trafficking crime . . . *uses or carries a firearm*, shall, in addition to the punishment provided for such crime . . . be sentenced to imprisonment for five years. . . ."

Historical and Statutory Notes, 18 U.S.C.A. § 924 (West 2000) at 424 (emphasis added). The government does not dispute that in light of *Bailey*, Cooper did not "use" the firearms. At issue is

3

whether the evidence was sufficient for a jury to conclude that he "carried" them.[1]

Mere possession of a firearm cannot support a conviction under the carry prong. *See Wainuskis*, 138 F.3d at 186. When a vehicle is not involved, the defendant must move the weapon in some fashion and the weapon must *also* be "within arm's reach (readily accessible)." *See id.* at 187.[2]

In *Wainuskis*, a drug trafficker admitted purchasing guns to protect her drugs in Petal, Mississippi. She later moved to Ellisville, Mississippi and continued to sell drugs. Police officers found Wainuskis lying in bed. A loaded semi-automatic pistol lay within arm's reach under the edge of the mattress. The court inferred that Wainuskis had transported the pistol during the move and kept it within reach to protect the drugs. *See id.* at 187-88. It rejected her § 2255 claim that the evidence was insufficient to convict her under the carry prong of § 924(c)(1). *See id.*

In *United States v. Hall*, 110 F.3d 1155 (5th Cir.1997), narcotics agents found Hall in a room and observed a firearm on the

---

[1] *Bailey* did not alter law as to the carry prong. *See Wainuskis*, 138 F.3d at 186.

[2] While this court stated that the carry prong required *either* transportation or arm's reach in *United States v. Hall*, 110 F.3d 1155, 1161 (5th Cir.1997), *Wainuskis* established that both are necessary. *See Wainuskis*, 138 F.3d at 187 n.12.

floor close to drugs. The evidence did not show the spatial arrangement of Hall and other defendants with respect to the gun. There was also no evidence that Hall transported the gun to the room. The court found the evidence insufficient to support his conviction under the carry prong. *See id.* at 1162.

Finally, the parties cite two unpublished decisions on this issue. In *United States v. Townsend*, 1999 U.S. App. LEXIS 13872, at *16-17 (5th Cir. June 24, 1999), this court reversed a § 924(c)(1) conviction because a pistol lying on the edge of a hot tub was not within arm's reach of Townsend while he was in bed. In *United States v. Morris*, 1997 U.S. App. LEXIS 11976, at *5 (5th Cir. May 23, 1997), this court held that a firearm on a table next to a sofa on which the defendant was sitting supported a § 924(c)(1) carrying conviction.

Turning to this case, the evidence is insufficient to support Cooper's conviction under the carry prong. Shotguns in a closet six to eight feet away are not within arm's reach. It is too much of a reach to find that Cooper could have grabbed the guns at such a distance from him in order to assist his crime.

The government contends that Cooper is also guilty under § 924(c)(1) because the unidentified man in the room was a co-conspirator who carried a pistol. Defendants are responsible under § 924(c)(1) for the acts of other conspiracy members in pursuit of their unlawful scheme. *See United States v. Wilson*, 105 F.3d 219,

5

221 (5th Cir.1997) (affirming a conviction where the defendant conceded that a co-conspirator violated § 924(c)(1)). The government argues that the numerous drug transactions in the fortified club and the fact that Cooper was arguing with an armed man over money while holding drugs demonstrate that the two conspired.

While relevant, mere presence at a crime scene or close association with conspirators does not support an inference of participation in a conspiracy. *See United States v. Maltos*, 985 F.2d 743, 746 (5th Cir.1992). We will not "lightly infer a defendant's knowledge of and participation in a conspiracy. Thus, the government may not prove up a conspiracy merely by presenting evidence placing the defendant in 'a climate of activity that reeks of something foul.'" *Id.* (internal citations omitted) (quoting *United States v. Galvan*, 693 F.2d 417, 419) (5th Cir.1982).

In *Maltos*, the defendant's "presence at various times and places coincided to a remarkable extent with that of the conspirators and of the cocaine. . . ." *Id.* at 747. The government presented no proof of knowledge or participation in the conspiracy other than his association with the conspirators and his presence at the transactions. *See id.* at 747. The court found the evidence insufficient to support a conviction for conspiracy. *See id.* at 748.

The government cites *United States v. Valdiosera-Godinez*, 932 F.2d 1093, 1096 (5th Cir.1991) in support of its claim that the unidentified man was a co-conspirator. In that case, the defendant was with two drug traffickers in a partially closed storage shed five feet off the ground. The other men were using tools to remove concealed drugs from a car. This court concluded that the defendant's presence and the "total absence of rational non-inculpatory explanations of the facts" were sufficient to convict him of conspiracy. *Id.*

In this case, there is insufficient evidence to convict Cooper under § 924(c)(1) using conspiracy liability. Beyond the man's mere presence, we know only that he was armed and argued about money while Cooper held cocaine. There is no evidence of the man's identity or what relation he had to Cooper. The facts are suggestive, but they permit no rational inference of the existence of an agreement essential to conspiracy. A jury could not find beyond a reasonable doubt that Cooper unlawfully used a firearm through his relationship with the armed man.

Finally, the government argues that if we vacate this conviction we should remand to allow the district court to resentence Cooper under USSG § 2D1.1(b)(1). We agree. *See United States v. Hernandez*, 116 F.3d 725, 727 (5th Cir.1997) (district court can resentence other counts under § 2D1.1(b)(1) if

7

defendant's 924(c)(1) conviction is vacated); *United States v. Rodriguez*, 114 F.3d 46, 47 (5th Cir.1997) (same).

## CONCLUSION

For these reasons, we VACATE and REMAND for entry of judgment vacating this § 924(c)(1) conviction and vacate Cooper's entire sentence for resentencing in light of the grant of habeas relief.

**VACATED** and **REMANDED** with instructions.

8