**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 22, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41284
Conference Calendar

_____

WILLIAM ROSCOE GOODALL, III,

Petitioner-Appellant,

versus

N. L. CONNER, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:01-CV-228
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

William Roscoe Goodall, III was convicted of carrying a

firearm in relation to a drug trafficking offense in violation of

18 U.S.C. § 924(c)(1). He appeals the district court's dismissal

of his 28 U.S.C. § 2241 petition for habeas corpus. Goodall

argues that, pursuant to Bailey v. United States, 516 U.S. 137

(1995), the conduct underlying his conviction is no longer

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

prohibited by law. Although Goodall did not appeal his conviction or move to vacate his sentence pursuant to 28 U.S.C. § 2255, he contends that he is able to proceed with his 28 U.S.C. § 2241 petition under the savings clause of 28 U.S.C. § 2255.

Goodall is not entitled to benefit from the savings clause of 28 U.S.C. § 2255. See Wesson v. U.S. Penitentiary Beaumont, TX, 305 F.3d 343, 347 (5th Cir. 2002), cert. denied, 123 S. Ct. 1374 (2003). First, Bailey does not apply because Goodall was convicted of violating the 'carry,' not the 'use,' prong of 18 U.S.C. § 924(c)(1). See United States v. Gobert, 139 F.3d 436, 439 n.21 (5th Cir. 1998). The record shows that Goodall "carried" a firearm in relation to a drug trafficking offense within the meaning of the statute. See United States v. Wainuskis, 138 F.3d 183, 187 (5th Cir. 1998). Second, Goodall's claim was not foreclosed by precedent at the time when he could have raised this argument in a 28 U.S.C. § 2255 motion. The mere fact that a prisoner is time-barred from bringing a 28 U.S.C. § 2255 motion does not render the statute inadequate or ineffective. Reyes-Requena v. United States, 243 F.3d 893, 906 n.34 (5th Cir. 2001).

AFFIRMED.