United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 28, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 02-50199
Summary Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESSE YBARRA-RODRIGUEZ,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. P-00-CR-360-1

————————————

Before GARWOOD, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jesse Ybarra-Rodriguez appeals his convictions for possession
of marihuana with the intent to distribute and carrying a firearm
in relation to a drug-trafficking offense.  He argues that the
evidence was insufficient to support these convictions.

Agents found footprints and other evidence of drug-trafficking

———————————————

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

near the virtually no longer used railroad track in open country not far from the border; one set of footprints later was found to be consistent with the shoes worn by Ybarra-Rodriguez. Other agents later that day observed Ybarra-Rodriguez and a co-defendant driving northbound on the railroad track in a specially-equipped truck owned by Ybarra-Rodriguez; at a point between where the agents initially saw the truck (and it failed to stop despite the agents' efforts) and where it was eventually stopped, bundles of marihuana were found scattered alongside the track in an area not visible from the road. Although agents found no marihuana in the truck, a drug-detecting dog alerted to a toolbox in the truck, and other tests detected marihuana residue inside the toolbox. The evidence against Ybarra-Rodriguez is largely circumstantial, but knowledge and possession may be shown by circumstantial evidence. *See United States v. Rodriguez*, 993 F.2d 1170, 1175-76 (5th Cir. 1993). Because a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt, we conclude that the evidence was sufficient to support this conviction. *See United States v. Brito*, 136 F.3d 397, 408 (5th Cir. 1998).

Ybarra-Rodriguez also challenges his conviction under 18 U.S.C. § 924(c) for carrying a firearm in relation to a drug-trafficking offense. The presence of the pistol in an open bag on the floorboard of the truck satisfies both the movement and ready

accessibility requirements for a conviction under the carrying prong of the statute. *See United States v. Wainuskis*, 138 F.3d 183, 186-87 & n.12 (5th Cir. 1998). Ybarra-Rodriguez also argues that if the evidence was insufficient to sustain his conviction on the drug-trafficking offense, his firearms conviction also must fail. As discussed above, the evidence was sufficient to convict Ybarra-Rodriguez of the drug trafficking offense. Therefore, we conclude that the evidence also was sufficient to support this conviction.

AFFIRMED.