United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 14, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-30740

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES KESSEE, also known as Bug,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CR-50038-1

_____

Before GARWOOD, HIGGINBOTHAM, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Charles Kessee appeals his conviction for conspiracy to distribute cocaine, arguing that his guilty plea lacked a factual basis. Agreeing, we VACATE his conviction.

I

In April 2003, a federal grand jury indicted Charles Kessee on one count of conspiracy to distribute five or more kilograms of cocaine and one count of possession with intent to distribute an unknown quantity of cocaine. The trial began on March 1. During

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the lunch break following jury selection, Kessee accepted the Government's offer that he plead guilty to conspiracy in exchange for its promise not to seek a 20-year minimum sentence.[1] Kessee had requested to plead guilty to possession, but the Government insisted that he plead guilty to the conspiracy count instead.

Because no written factual basis for the plea was prepared, the Government established the factual basis at the guilty-plea hearing through testimony of DEA Agent Lee Scott. Scott testified that a confidential informant purchased 62 grams of cocaine from Kessee on October 8, 2002, and on the following day Kessee was arrested as he was about to sell the informant another 123 grams in his possession. Scott testified further that he talked to three federal inmates who had contacted him to implicate Kessee: Jerome Bailey, who told Scott that Kessee bought two to three kilograms from him every week and a half, Kenneth Gipson, who told Scott that he and Kessee exchanged two kilograms every month from April 1998 to August 1999, and Anthony Adams, who told Scott that he and Kessee exchanged half a kilogram every week for four months.

Following Scott's testimony and the district court's explanation of the elements of the offense, the court asked Kessee if the Government could prove the conspiracy. Kessee responded:

KESSEE: My honest opinion, sir, no.

THE COURT: And tell me why.

---

[1] The minimum was predicated on Kessee's 1991 conviction for possession of crack.

2

KESSEE: I mean, in all honesty, I'm pleading guilty because of the fact that I feel like it would be — I mean, I have five kids, and for me to just take a chance to trial and lose and get my life thrown away — I mean, I just want to get back to my kids, that's why I'm here.

THE COURT: The quickest way you can —

KESSEE: I just want to get back to my kids, that's why I am pleading guilty. I'm not pleading guilty because I feel like they can prove this; I'm pleading guilty because I don't want to put myself on no chopping block. I want to go back to my family.

Turning to counsel, the court asked if Kessee was tendering an *Alford* plea.[2] Stating that the parties had not discussed an *Alford* plea, defense counsel explained that during plea negotiations, although Kessee had admitted possession but denied conspiracy, the Government would accept only a guilty plea to conspiracy. With Kessee silent in the background, defense counsel strenuously argued to the court that the plea was in Kessee's best interest because a jury likely would convict him and, under the plea bargain, his Guidelines sentence would be far less than the 20-year minimum the Government was threatening. Defense counsel asked the Government to accept an *Alford* plea, but the Government refused and threatened to withdraw the plea offer.

After discussion between the court and counsel, in which defense counsel stated that "there's not much that has to be proven in order to show a conspiracy," the court suggested that Kessee had

---

[2] *See North Carolina v. Alford*, 400 U.S. 25 (1970); *Ballard v. Burton*, 444 F.3d 391, 396-97 (5th Cir. 2006) (describing *Alford* plea, where defendant asserts innocence but admits sufficient facts exist to convict, and its effects).

3

admitted guilt to conspiracy: "[i]f he sold a dime's worth of cocaine to somebody and they sold it to somebody, that's distribution, that's conspiracy." At defense counsel's suggestion, the court turned to Kessee and asked, "[h]ave you provided cocaine to somebody for a price and knew they went out on the street and sold it to someone else?" When Kessee answered, "yes," the court stated, "[t]hen you're guilty of conspiracy, and the court so finds." After the Government expressed concern that Kessee needed to admit to the five kilograms or more quantity alleged in the indictment, the court replied that the requisite quantity was established by virtue of his guilty plea to conspiracy. The hearing concluded.

By sentencing, on July 23, 2004, it had developed that the PSR was recommending a Guidelines range of 24-30 years based on two kilograms of crack, instead of the five kilograms of cocaine alleged in the conspiracy count, something neither party had anticipated at the guilty-plea hearing. Defense counsel moved to withdraw Kessee's guilty plea. Counsel explained that in his insistent advocacy of the plea, he had walked past the fact that Kessee never admitted conspiracy. The court denied the motion, finding that Kessee did not adequately claim innocence, that he had close assistance of counsel, that the plea was knowingly and voluntarily made, and that the motion was untimely. The court adopted the PSR's recommendation and sentenced Kessee to the

4

Guidelines minimum of 292 months.[3]

On January 18, 2005, Kessee filed *pro se* a motion under §
2255, arguing that his plea was not knowingly and voluntarily made
and that his trial counsel was ineffective, including in failing to
appeal as Kessee had requested. On June 21, the court found that
Kessee was entitled to an out-of-time appeal and held his remaining
§ 2255 claims in abeyance. Kessee appealed his conviction.

II

Under Federal Rule of Criminal Procedure 11, a factual basis
must support a guilty plea to avoid conviction of a defendant whose
admitted[4] conduct does not constitute a crime. Accordingly,
"[i]mplicit in the district court's acceptance" of a guilty plea is
its "determination that [the defendant's] conduct satisfied every
legal element" of the charged crime.[5] Although we review for clear
error the district court's finding of a factual basis, a challenge
to the legal sufficiency of an undisputed factual basis, like the
challenge here, is a straightforward question of law, reviewed *de
novo*.[6]

Kessee argues that he never acceded to the hearsay allegations

---

[3] A *Booker* issue also permeated these proceedings and this appeal, but we
do not address it because we vacate Kessee's conviction.

[4] As we will explain, *infra*.

[5] *See United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001).

[6] *See id* at 314; *United States v. Reasor*, 418 F.3d 466, 474 (5th Cir.
2005).

5

of Agent Scott, admitting only that at some time and in some place he sold cocaine to someone he knew would re-sell it. This, he contends, is insufficient to establish a conspiracy because there is no evidence of an agreement.[7] More fundamentally, he argues, even if mere selling were a conspiracy, Kessee's admission was insufficient to establish the specific conspiracy alleged in the indictment; indeed, he explicitly denied that conspiracy. Finally, he argues that the purported factual basis lacks the requisite quantity of cocaine, contending that if the quantity were established merely by his guilty plea to the conspiracy, as the district court held, the factual basis requirement would be meaningless.

The Government responds that the court based its finding on more than Kessee's brief statements to the court. According to the Government, the court also considered Agent Scott's testimony and the PSR, establishing a wide-ranging conspiracy between Kessee and Denise Walpool, "BoBo," Kenneth Gipson, Rodney Lewis, Anthony Lewis, and "Squirrel," whereby Kessee would buy large amounts of cocaine (more than the requisite amount) in Mesquite, Texas and sell them in Shreveport, Louisiana. Hence, the Government argues, the questions and comments by the court, including its question whether Kessee had ever sold cocaine to anyone knowing that person

---

[7] As this court has held, "if the evidence showed that a defendant is merely a buyer or seller, the elements necessary to prove a conspiracy would be lacking...." *United States v. Maseratti*, 1 F.3d 330, 336 (5th Cir. 1993).

would re-sell it, were mere attempts to explain conspiracy to the defendant, not the factual basis itself.[8]

Contrary to the Government's suggestion, the factual basis must consist of the defendant's *admitted* conduct.  As we held in *United States v. Marek*, district courts should compare "(1) the conduct to which the defendant admits with (2) the elements of the offense charged in the indictment."[9]  Doing so vindicates the purpose of Rule 11 — to protect defendants who may plead guilty without realizing their admitted behavior does not constitute a crime.

Consistent with this view of Rule 11, the Government also argues that Kessee implicitly admitted the requisite factual basis by not disagreeing with Agent Scott's statements at the plea hearing or objecting to the PSR before sentencing, stating only that the Government could not prove the conspiracy.  Even if silence in the face of allegations can be an admission supporting a guilty plea,[10] Kessee was far from silent here — from plea negotiation to sentencing, he declined to admit conspiracy. Kessee offered to plead guilty to possession, but the Government would

---

[8] Moreover, it claims, the court's explanation of conspiracy was correct since evidence that both parties to a drug sale knew the drugs were meant for re-sale is sufficient to establish a conspiracy.

[9] 238 F.3d 310, 315 (5th Cir. 2001).

[10] *See United States v. Gulledge*, 491 F.2d 679, 679 (5th Cir. 1974) (affirming conviction where the district court failed to find a factual basis at the plea hearing, noting that the Government recited a sufficient factual basis at sentencing, to which the defendant did not object).  We do not decide the issue.

accept only a guilty plea to conspiracy. Kessee's lawyer and the able judge, wishing to give Kessee what at the time appeared to be a benefit of the plea bargain, overlooked Kessee's insistence during the plea hearing that the Government could not prove conspiracy. At sentencing, probably realizing that the recommended 24- to 30-year sentence based on an unforeseen quantity of drugs gave Kessee no real benefit over trial,[11] Kessee's counsel pressed to withdraw his client's plea, explaining that he had pressured Kessee to accept the plea despite Kessee's protestations. While the transcript reveals that Kessee claimed only that the Government could not prove conspiracy, not that he was innocent of conspiracy, we are unwilling to read into that an admission of conspiracy.

In sum, Kessee admitted only that at some time and in some place he sold cocaine to someone he knew would re-sell it. As the Government implicitly concedes, this admission does not support his conviction for the conspiracy at issue. And the Government does not argue this error was harmless. Hence, we vacate the conviction.

While we understand the impetus toward plea bargains, and that this veteran district judge was plainly trying to protect the defendant from what then appeared to be a foolish decision, there

---

[11] The Government disagrees, arguing that Kessee did not move to withdraw his plea until he saw the PSR at sentencing because only then did he see the Government's entire case, thinking it weak. Although we find this much less likely, exactly why Kessee moved to withdraw his plea during sentencing is irrelevant. The point is that Keesee consistently maintained that the Government could not prove the conspiracy.

are enough obstacles and disincentives on the path to trial that defendants, like Kessee, expressly doubting the Government's case and requesting their traditional right to a jury should get their wish.

VACATED.