# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 26, 2010

No. 09-30577

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TONY ANTHONY BOLAR,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:07-CR-50059

Before KING, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Tony Bolar pleaded guilty to one count of possessing stolen property in violation of 18 U.S.C. § 2315. The district court sentenced Bolar to 36 months' imprisonment and ordered him to pay $91,799.96 in restitution. Bolar appeals his conviction, arguing that the factual basis was insufficient to support his guilty plea. For the following reasons, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30577

## BACKGROUND

Bolar owns a small trucking company. On August 25, 2004, a tractor-trailer driven by one of Bolar's drivers was stopped at the Greenwood weigh station in Louisiana. After inspecting the tractor's and the trailer's vehicle identification numbers (VINs), the state police determined that both VINs had been altered. Their suspicions raised, the state police assigned Sergeant Buddy Merritt to investigate. Merritt determined that the tractor had been stolen four years earlier from a dealership in Oklahoma and that the trailer had been stolen eleven years earlier in Arkansas. Merritt telephoned the Oklahoma dealership to ask about the stolen tractor; the dealership personnel recalled that Bolar had test driven the tractor three days before it was stolen and that they could not find the keys to the tractor following this test drive. Merritt also obtained records from the Alabama Bureau of Investigation indicating that stolen trailers with modified VIN plates had been seized from Bolar's business at least three times.

Merritt contacted Bolar to discuss the matter. Bolar explained that the tractor's VIN was inconsistent because he had moved the VIN plate from another tractor in order to get the seized tractor to another state for repairs. Bolar also claimed to have bought the tractor in 2003 at a truck stop from a man named Stewart Franklin; Merritt testified that purchasing a tractor at a truck stop was "not common." Bolar also produced a bill of sale for the tractor, which listed an invalid VIN for the vehicle, but he could not produce a title for the vehicle. Bolar provided a contact number for Franklin, but Merritt was unable to reach him. Regarding the trailer, Bolar claimed to have purchased it through a former employee, and he "believed this individual switched trailers with him and switched the VIN plate on the trailer." However, Merritt was unable to contact this individual based on the contact information that Bolar gave him.

2

No. 09-30577

The United States charged Bolar with one count of possession of property worth more than $5,000 which had been stolen and transported across state lines in violation of 18 U.S.C. § 2315, based on his possession of the stolen tractor and trailer.[1]  Bolar missed his first trial date, but at a hearing on April 18, 2008, Bolar appeared before the court to plead guilty to the charge, pursuant to a plea agreement.  Following a plea colloquy and testimony from Merritt, the district court accepted Bolar's plea.

Following this plea, Bolar sent a letter to the district court, claiming his innocence.  In the letter, Bolar argues that it was impossible for him to have stolen the tractor and that he only pleaded guilty based on bad advice.[2]  Based on this letter, the Presentence Investigation Report (PSR) did not award any reduction for acceptance of responsibility, and it added two points for obstruction of justice, given that Bolar had also failed to show for trial.  The PSR recommended a sentence range of 27 to 33 months.  Bolar objected to these determinations and also objected to the total loss amount computed by the PSR.

At a sentencing hearing on July 24, 2008, Bolar recanted the letter because, when he wrote it, he thought that he had been accused of "stealing" the tractor.  Now understanding the charge, Bolar stated that he "accepted responsibility" for the charged crime and argued for a reduction in offense level. The district court overruled Bolar's objections to the PSR and sentenced Bolar

---

[1]  Section 2315 provides, in relevant part:
Whoever receives, possesses, conceals, [or] stores . . . any goods [or] wares . . . of the value of $5,000 or more, . . . which have crossed a State or United States boundary after being stolen, unlawfully converted, or taken, knowing the same to have been stolen, unlawfully converted, or taken; . . . Shall be fined under this title or imprisoned not more than ten years, or both.

18 U.S.C. § 2315.

[2]  The actual letter is not in the record.  However, parts of the letter, containing these contentions, were read by the district court at Bolar's sentencing hearing.

No. 09-30577

to 36 months' imprisonment and ordered $91,799.96 in restitution. Final judgment was entered on July 25, 2008.

Bolar's counsel, however, failed to file a notice of appeal until August 23, 2008. This court construed that notice of appeal as a motion to extend the time for filing a notice of appeal and remanded to the district court to determine whether the late filing was the result of excusable neglect or good cause. On remand, the district court denied the motion to extend, finding that Bolar did not make such a showing. This court then granted the Government's motion to dismiss the appeal.

Bolar retained new counsel and filed a motion for relief under 28 U.S.C. § 2255, claiming that ineffective assistance of counsel caused his late filings. The district court vacated and reinstated Bolar's conviction on July 7, 2009 and dismissed his § 2255 motion without prejudice.[3] Bolar filed a notice of appeal on July 8, 2009.

## DISCUSSION

On appeal, Bolar argues that the district court erred by accepting his guilty plea without a sufficient factual basis. Specifically, Bolar urges that the factual basis for the plea consists solely of Merritt's testimony and that this testimony does not establish that Bolar knew that the either the tractor or

---

[3] Section 2255 provides, in relevant part:
A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
28 U.S.C. § 2255 (2). The district court took these actions pursuant to *United States v. West*, 240 F.3d 456 (5th Cir. 2001), which outlines the procedural steps necessary to permit an out-of-time criminal appeal.

4

trailer was stolen.[4]  Further, Bolar argues that he was willing to plead guilty, but that he was unwilling to admit that he knew the tractor and trailer were stolen.  Instead, Bolar insists that he pleaded guilty without admitting that he knew the truck was stolen, taking responsibility despite maintaining his innocence.

"A district court cannot enter a judgment of conviction based on a guilty plea unless it is satisfied that there is a factual basis for the plea." *United States v. Hildenbrand*, 527 F.3d 466, 474 (5th Cir. 2008) (citing FED. R. CRIM. P. 11(b)(3)).[5]  "If the factual basis is not sufficient as to any count, the conviction should be vacated, and the case remanded for further proceedings . . . ." *Id.* (citing *United States v. Carter*, 117 F.3d 262, 265 (5th Cir. 1997) (per curiam)); *accord United States v. Reasor*, 418 F.3d 466, 473 (5th Cir. 2005) ("'Notwithstanding an unconditional plea of guilty, we will reverse on direct appeal where the factual basis for the plea as shown of record fails to establish an element of the offense of conviction'") (quoting *United States v. Spruill*, 292 F.3d 207, 215 (5th Cir. 2002)).

To fulfill the Rule 11(b)(3) requirements, "[t]he district court must compare '(1) the conduct to which the defendant admits with (2) the elements of the offense charged in the indictment or information.'" *Hildenbrand*, 527 F.3d at 474–75 (quoting *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001) (en banc)).  "Implicit in the district court's acceptance of a guilty plea is its determination that the defendant's conduct satisfied every legal element of the charged crime." *United States v. Kessee*, 185 F. App'x 337, 339 (5th Cir. 2006)

---

[4]  Bolar does not dispute that the record indicates a sufficient factual basis for the other elements of the offense—(1) that the property listed in the indictment was stolen; (2) that the property crossed a state or United States boundary after being stolen; (3) that the defendant possessed the stolen property; and (4) that the property had a value of $5,000 or more.

[5]  Rule 11 states, in relevant part that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea. FED. R. CRIM. P. 11(b)(3).

(per curiam) (modifications and quotation marks omitted) (citing *Marek*, 238 F.3d at 315).

If a defendant objects to the sufficiency of the presented factual basis in the district court, "the district court's acceptance of a guilty plea [i]s a factual finding to be reviewed for clear error." *Hildenbrand*, 527 F.3d at 475. "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *Id.* (internal quotation marks omitted). "Although we review for clear error the district court's finding of a factual basis, a challenge to the legal sufficiency of an undisputed factual basis . . . is a straightforward question of law, reviewed *de novo*." *Kessee*, 185 F. App'x at 339 (citing *Marek*, 238 F.3d at 314; *Reasor*, 418 F.3d at 474).[6] "When determining whether there is a factual basis for a guilty plea, inferences may be 'fairly drawn' from the evidence adduced after the acceptance of a guilty plea but before or at sentencing." *Hildenbrand*, 527 F.3d at 475 (citing *United States v. Dyer*, 136 F.3d 417, 424 n.13 (5th Cir. 1998)).

Here, the district court did not err in concluding that the factual basis presented was legally sufficient. Merritt's detailed testimony, which described several possible indicators that the tractor and trailer were stolen, permitted the district court to draw the inference that Bolar knew that the tractor and trailer were stolen. While Bolar argues that this testimony did not definitively establish that he knew the tractor and trailer were stolen, the district court may fairly draw inferences from the evidence presented. *See Hildenbrand*, 527 F.3d at 475. Merritt testified concerning the altered VIN plates, Bolar's admission

---

[6] We assume, *arguendo*, that Bolar's letter, claiming innocence after he pleaded guilty, raised a sufficient objection to the adequacy of the factual basis presented for his guilty plea. Thus, we do not apply plain error review. *Cf. Marek*, 238 F.3d at 315 (applying plain error review when a defendant does "not raise a challenge to the adequacy of the factual basis underlying her guilty plea in the district court, either by making her plea conditional . . . or by objecting thereafter, such as at her sentencing.").

of switching the VIN plates, the irregular purchase of the tractor, the evidence concerning the test drive and theft of the tractor, the admission of the VIN alteration on the trailer (even though wrongdoing was attributed to a former contact), the lack of a title for the tractor, and the records of past theft from Alabama. This testimony, taken together, allowed the trial court to fairly draw the inference that Bolar knew that the tractor and trailer were stolen. As such, the factual basis presented was legally sufficient to establish that element of the § 2315 offense. *Cf. United States v. Mendoza*, 522 F.3d 482, 489 (5th Cir. 2008) (assessing sufficiency of evidence of knowledge of drugs in a truck and stating that "[k]nowledge can be inferred from control of the vehicle [containing the drugs] in some cases . . . . In [other situations], this Court requires other circumstantial evidence 'that is suspicious in nature or demonstrates guilty knowledge.'" (quoting *United States v. Garza*, 990 F.2d 171, 174 (5th Cir. 1993)).

However, while this testimony establishes a factual basis for that element of the offense, Bolar must also have admitted to knowing that the tractor and trailer were stolen. While Bolar contends that he never admitted that he knew the tractor and trailer were stolen, the transcript of the plea hearing refutes this contention. Specifically, on two occasions at the plea hearing, Bolar admitted that he knew that the tractor and trailer were stolen.

First, the district court noted that, if the case went to a jury, "the Government must [prove] each of the following [elements of the § 2315 offense] beyond a reasonable doubt. . . . [T]hat the defendant knew the property was stolen at the time that you possessed it. You knew that, too, didn't you?" In response, Bolar nodded affirmatively, but seemed to hesitate. The district court then questioned Bolar as to whether he agreed, and Bolar stated "yes[,] yeah." Bolar's counsel interjected and explained that Bolar was hesitant about the "particulars" of the Government's case and that he would raise some objections

to the PSR, but that "[Bolar wa]s accepting responsibility." Bolar agreed, stating again "yes, yes."

After Merritt testified, the district court again asked Bolar whether he disagreed with the testimony, in order to assess whether "the factual basis for the plea consists of what conduct the defendant has stated, has admitted to." Bolar's counsel responded that Bolar did not disagree with the testimony, while raising again that Bolar would address certain "particulars" at sentencing.[7] The trial judge then accepted Bolar's guilty plea, and Bolar interjected "yeah."

Bolar argues that this colloquy does not establish that he admitted that he knew the tractor and trailer were stolen. However, to the extent that such an argument is not directly refuted by the record – and it is squarely refuted– it was not error, much less clear error, for the district court to find that Bolar admitted that he knew the tractor and trailer were indeed stolen. *See, e.g.*, *Hildenbrand*, 527 F.3d at 479 (finding no clear error when the defendant's arguments "are squarely controverted by his sworn admissions [to] support[] his plea.")

Nothing presented at the sentencing hearing suggests otherwise. In disavowing the contentions of his innocence letter, Bolar's counsel stated that "I explained to him over and over:  It's not about you stealing the truck; it's whether or not you possessed it. Finally I got through to him, and he understood that it was possession of stolen property. . . .  I think at this point Mr. Bolar understands the nature of the offense and he is willing to accept responsibility for his actions."  Bolar himself stated that he "accept[s] responsibility of the

---

[7] At sentencing, Bolar only objected to the PSR's determinations regarding loss calculation, whether he obstructed justice by missing his first trial date, and whether he accepted responsibility for the crime, given that he wrote a letter claiming innocence.  None of these objections to "particulars" suggests that Bolar did not admit that he knew the tractor and trailer were stolen.  Indeed, the basis for one of Bolar's objections was that, after more fully understanding the charged offense, he accepted responsibility, contrary to the assertions of the letter.

No. 09-30577

truck because I had it in my possession. I should have knew better, Your Honor, not to hold the truck that long." Again, the information presented at Bolar's sentencing hearing does not suggest any error in the district court's finding that Bolar admitted that he knew that the tractor and trailer were stolen.

The district court's finding that Bolar admitted conduct that met the elements of the § 2315 offense was not clearly erroneous. Further, the factual basis presented for Bolar's plea was legally sufficient in that it established each element of the § 2315 offense. Accordingly, the district court did not err in accepting Bolar's guilty plea.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of conviction and sentence.

AFFIRMED.