UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20294
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR ORLANDO RIVAS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas
_____

May 30, 1996

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

BENAVIDES, Circuit Judge:

Oscar Orlando Rivas appeals his conviction after a plea of guilty for using or carrying a firearm during a drug trafficking offense and his sentence for conspiracy to possess with intent to distribute cocaine. In our view, the principal issue presented on this appeal is Rivas's attack on the sufficiency of the factual basis for his guilty plea. Because we conclude that the factual basis was sufficient and, additionally, that the district court did not err in sentencing Rivas, we affirm.

I. FACTS AND PROCEDURAL HISTORY

In May 1994, Department of Public Safety (DPS) officers sent

1

an informant to Dare Motors in Houston to contact Domingo Rodriguez in connection with a drug trafficking investigation in Bryan/College Station, Texas. The attempt was unsuccessful, and no further contact was made until September.

In September, Rivas talked to the confidential informant regarding the drug trafficking at Dare Motors and the lack of reliability of the source of the drug supply. The informant purportedly would take the place of the unreliable supplier. The tentative agreement was that thirty kilograms of cocaine would be provided. However, because the circumstances of the requested delivery were unacceptable to the task force, the transaction did not take place.

On October 5, 1994, Rivas called the informant, indicating that "his people were ready to go ahead." Thereafter, DPS undercover officers contacted Rodriguez and arrangements were made for the delivery of ten kilograms of cocaine that Rodriguez would pay for at the time of delivery, five kilograms of cocaine that would be fronted by the officers to Rodriguez, and also the delivery of an additional fifteen kilograms at a later date.

On October 6, as planned, Zeek Cavazos, the undercover officer, remained at Dare Motors with Rodriguez and Luis Gonzalez to view the money, and Rivas left with the informant to inspect the cocaine. After Rivas and the informant left Dare Motors in the undercover vehicle, they were stopped by DPS officers on the freeway. The officers arrested Rivas, who had a 9mm Beretta pistol underneath his seat.

After initially entering a not guilty plea, Rivas pleaded

2

guilty at rearraignment, without the benefit of a plea agreement, to two counts of a three-count indictment: conspiracy to possess with intent to distribute cocaine (Count I) and using or carrying a firearm during a drug-trafficking offense (Count II). The district court sentenced him to 151 months in prison--the bottom of the guideline range--as to Count I, to a consecutive five-year term as to Count II, and to concurrent five- and three-year terms of supervised release.

II. SUFFICIENCY OF THE FACTUAL BASIS FOR THE PLEA

Rivas argues that the district court erred in finding that there was a sufficient factual basis for his plea of guilty to the offense of using or carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c). The district court's acceptance of a guilty plea is considered a factual finding that there is an adequate basis for the plea. We therefore review this finding for clear error. United States v. Adams, 961 F.2d 505, 509 (5th Cir. 1992).

Section 924(c)(1) provides, in pertinent part, that:

Whoever, during and in relation to any crime of violence or drug trafficking crime . . . for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years . . . .

Relying on the recent Supreme Court decision in Bailey v. United States, __ U.S. __, 116 S.Ct. 501 (1995), Rivas contends that the factual basis for the guilty plea is insufficient to show that he "used" a firearm during the offense. In Bailey, the Supreme Court held that "§ 924(c)(1) requires evidence sufficient

3

to show an <u>active employment</u> of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." 116 S.Ct. at 505 (emphasis in opinion). The Court then set forth examples of activities that constitute active employment of a firearm, including brandishing, displaying, striking with, and of course, firing or attempting to fire the gun.

In the instant case, at the rearraignment, while detailing the factual basis for the plea, the Government stated that "[a]t the time [Rivas] was arrested he was carrying a 9mm Beretta in the front of his pants, which he had his hand on when the officer convinced him that probably wouldn't be a good idea." The district court subsequently inquired whether the facts recited by the Government were true, and Rivas replied "[n]o." Defense counsel explained that "[t]he <u>only</u> thing he is saying, Judge, is that the pistol he had was underneath the seat. He is saying it was underneath the seat as opposed to being in the front of his pants." (emphasis added). The district court responded that for the purposes of the guilty plea, it "doesn't matter." (emphasis added).

It is clear that, because the rearraignment was held prior to <u>Bailey</u>, the district court, at that time, was correct. Our prior cases held that all that was needed to establish "use" was "that the firearm was available to [the defendant] to facilitate the commission of an offense." <u>United States v. Rocha</u>, 916 F.2d 219, 237 (5th Cir. 1990), <u>cert. denied</u>, 500 U.S. 934, 111 S.Ct. 2057

4

(1991) (citation omitted).[1]  We need not determine whether Rivas used his firearm in relation to this offense.  In this regard, we note that the Supreme Court in <u>Bailey</u> remanded the case for consideration whether the evidence satisfied the "carrying" prong of § 924(c).  Rivas pleaded guilty to count two of the indictment, which charged him with using <u>or</u> carrying a firearm.  Accordingly, we must determine whether the factual basis is sufficient to meet the "carrying" requirement of § 924(c).  If so, the district court's response of it "doesn't matter" would be correct in this case.

As recognized by the Eleventh Circuit, because <u>Bailey</u> did not address the "carrying" requirement, prior precedent analyzing that prong was "not affected."  <u>United States v. Farris</u>, 77 F.3d 391, 395 n.4 (11th Cir. 1996).  Prior to <u>Bailey</u>, in <u>United States v. Pineda-Ortuno</u>, 952 F.2d 98, 104 (5th Cir.), <u>cert. denied</u>, 504 U.S. 928 (1992), we examined the "carrying" requirement of § 924(c) and explained that the "word `carry' derives from the french <u>carier</u>, which means `to transport in a vehicle." (quoting <u>Webster's Third International Dictionary</u> 353 (1966)).  Webster provided the following definitions of "carry":  "`to move while supporting (as in a vehicle or in one's hands or arms): move an appreciable distance without dragging: sustain as a burden or load and bring along to another place.'"  <u>Id</u>.  We observed that the legislative history did not indicate that the word "carry" should be given any

---

[1]  <u>Bailey</u> is applicable to this case because a newly announced rule applies to a criminal case on direct appeal.  <u>Griffith v. Kentucky</u>,
479 U.S. 314, 107 S.Ct. 708 (1987).

meaning but its ordinary or literal meaning. Significantly, we also recognized that carrying on the person is different from carrying in a vehicle "because the means of carrying is the vehicle itself." Thus, we held that the "carrying" requirement of § 924(c) is met "if the operator of the vehicle knowingly possesses the firearm in the vehicle during and in relation to a drug trafficking crime." Id. at 104. Accord United States v. Speer, 30 F.3d 605, 612 (5th Cir. 1994), cert. denied, __ U.S. __, 115 S.Ct. 768 (1995); United States v. Ruiz, 986 F.2d 905, 910 (5th Cir.), cert. denied, __ U.S. __, 114 S.Ct. 145 (1993).

Although Rivas was a passenger rather than the driver of the vehicle, we do not believe that such a distinction means that he was not "carrying" the firearm. At his rearraignment, Rivas did not contest the part of the factual basis indicating that he apparently was going for the gun "when the officer convinced him that probably wouldn't be a good idea." "The only thing" Rivas disputed was that the gun was in the waistband of his pants. At sentencing, Rivas admitted that "the pistol he had was underneath the seat." (emphasis added). In his written objections, Rivas stated "that the pistol he had in his possession was placed underneath the car seat." He therefore admitted to knowingly possessing the firearm in the vehicle. Further, it is undisputed that he had the gun during or in relation to the drug trafficking offense. As such, Rivas's actions were sufficient to constitute carrying under § 924(c).

III. SENTENCING CHALLENGES

Rivas also challenges his sentence for conspiracy to possess

6

with intent to distribute cocaine.  We find that Rivas's complaints that the district court erred in denying him a reduction for acceptance of responsibility and in failing to make express findings regarding the amount of cocaine attributable to him are without merit.  We note that the district court did not clearly err in denying him the reduction for acceptance of responsibility inasmuch as the record reflects that Rivas attempted to trivialize and mitigate his significant role in the conspiracy.  Further, the district court adopted the findings of the PSR, which clearly reflects that 27 kilograms of cocaine were reasonably foreseeable to him.

For the foregoing reasons, the judgment of the district court is AFFIRMED.