# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

---

No. 96-60531

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM N. LOGAN, JR.,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Northern District of Mississippi

---

March 4, 1998

Before POLITZ, Chief Judge, BENAVIDES and PARKER, Circuit Judges.

POLITZ, Chief Judge:

William N. Logan, Jr. was convicted of several drug offenses and, in connection therewith, of violating 18 U.S.C. § 924(c)(1) which proscribes using or carrying a firearm during and in relation to any drug trafficking offense. We affirmed on appeal.[1] After the Supreme Court's decision in **Bailey v. United States**,[2] Logan moved to vacate the firearm conviction and sentence, invoking 28 U.S.C. § 2255. The district court denied the motion. Logan appeals. For the reasons assigned, we affirm.

---

[1] **United States v. Logan**, 949 F.2d 1370 (5th Cir. 1991).

[2] 116 S.Ct. 501 (1995).

Background

Logan and nine other defendants were charged in a 16-count indictment with drug conspiracies and various related substantive violations. Logan was named in 12 counts, including count 16 in which he alone was charged with using or carrying a firearm in violation of 18 U.S.C. § 924(c)(1). On direct appeal we summarized the relevant facts thusly:[3]

> Following a high-speed chase, Logan was stopped and arrested as he entered Mississippi from Alabama on February 17, 1989. At that time, Logan denied his true identity. After seizing the vehicle for forfeiture because it had been used to transport drugs from Texas and Florida to Mississippi, agents conducted an inventory search of Logan's automobile. The agents seized slightly less than two ounces of cocaine and a loaded .25 caliber semi-automatic pistol from Logan's jacket, which was on the backseat of the automobile.

Logan was convicted on all 12 counts and sentenced to 132 months imprisonment, including 60 months on the gun charge.[4] Following the subsequent **Bailey** decision, Logan sought the noted post-conviction relief.

Analysis

Section 924(c)(1) is violated when a defendant "during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm."[5] Prior to **Bailey**, our precedent merely required "evidence that the firearm was available to provide protection to the defendant" in connection with the drug crime to support

---

[3] 949 F.2d at 1373.

[4] **United States v. Logan**, 744 F.Supp. 735 (N.D.Miss. 1990).

[5] 18 U.S.C. § 924(c)(1).

2

a conviction of "use" under section 924(c)(1).[6]  In **Bailey**, the Supreme Court defined "use," limiting the reach of the statute by holding that the government must produce evidence "sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense."[7]  Although previously, under our precedents, a showing of mere possession of a firearm was sufficient, the **Bailey** Court explicitly declared that intended use or accessibility alone does not constitute "use" under section 924.[8]

Logan contends that **Bailey** dictates that we vacate his firearm conviction and sentence because his jury instructions did not define or distinguish between carry and use and the general verdict did not reveal whether the jury found him guilty under the carry or use prong of section 924(c)(1).  He therefore maintains that the jury could have found him guilty under the liberal pre-**Bailey** definition of use.

This error was not raised at Logan's trial or on appeal and, in accordance with the established rubric, Logan must meet the two-part cause and prejudice test.[9]  Under that test, "[t]o obtain collateral relief based on trial errors to which no contemporaneous objection was made," Logan must show both "(1) 'cause' excusing his procedural default, and (2) 'actual prejudice' resulting from the errors

---

[6] **United States v. Ivy**, 973 F.2d 1184, 1189 (5th Cir. 1992) (internal quotation marks and citation omitted).

[7] 116 S.Ct. at 505.

[8] **Id.** at 508.

[9] **United States v. Shaid**, 937 F.2d 228 (5th Cir. 1991) (en banc).

3

of which he complains."[10] This standard presents "a significantly higher hurdle than would exist on direct appeal."[11]

Applying this test we find that Logan has shown adequate cause for his failure to raise earlier the present issue because the **Bailey** decision had not been rendered at the time of his trial or appeal. "A petitioner seeking collateral relief may be excused from failing to make an objection in the original proceeding if the basis for the objection was not known until after the petitioner's conviction became final."[12] Because the basis for Logan's motion did not exist, as such, at the time of his conviction, we note sufficient cause for his failure to object to the jury instructions and general verdict.

We conclude that Logan has suffered no prejudice, however, justifying the relief he requests. To show actual prejudice Logan must demonstrate that, but for the alleged error, he might not have been convicted.[13] He contends that his sentence must be vacated because the jury could have convicted him under the use prong. Under **Bailey**'s teachings it is evident that the record does not support a conviction for use of a firearm herein. The gun was found in Logan's jacket on the backseat of the automobile. The active employment element, which **Bailey** requires, is absent.

---

[10] **United States v. Frady**, 456 U.S. 152 (1982).

[11] **Id.** at 165.

[12] **Reed v. Ross**, 468 U.S. 1 (1984).

[13] **United States v. Guerra**, 94 F.3d 989 (5th Cir. 1996).

The record, however, does support a conviction for carrying. Evidence that a firearm has been transported in a vehicle, and that the operator of the vehicle knowingly possessed the firearm during and in relation to a drug trafficking crime, satisfies the carrying requirement of section 924(c)(1).[14] Logan transported a Titan .25 caliber semi-automatic pistol in his jacket in his automobile. Additionally, the jury was instructed that a finding of "knowing[] or intentional[]" use or carrying of the firearm during or in relation to the predicate offense was necessary to convict Logan on the firearm charge. Therefore the jury rationally could find the required factual basis for the firearm conviction and the necessary correlation between the carrying and the underlying drug offense.

Even though the record supports his conviction under the carrying prong of section 924(c)(1), Logan maintains that his sentence must be vacated and remanded for a new trial on the carrying theory only. He principally relies upon our decision in **United States v. Fike**.[15] In **Fike**, we concluded that in placing a gun under the driver's seat of a car, then driving the car to another location, the defendant carried the gun. We remanded the case, however, because the jury was given the expansive pre-**Bailey** instruction which would have allowed for a conviction on the basis of mere possession alone.

Remand is not required in this case. Unlike the typical pre-**Bailey**

---

[14] **United States v. Pineda-Ortuno**, 952 F.2d 98 (5th Cir. 1992); see also **United States v. Hall**, 110 F.3d 1155 (5th Cir. 1997); **United States v. Muscarello**, 106 F.3d 636 (5th Cir. 1997).

[15] 82 F.3d 1315 (5th Cir. 1996).

instructions, Logan's jury was not told that possession was sufficient for a conviction. To the contrary, the jury was told explicitly that mere possession of the firearm was not enough but, instead, was instructed that some connection between the drug crime and the carrying of the gun was necessary to convict Logan on the firearm charge. Accordingly, these instructions do not suffer from the pre-**Bailey** error. Although the jury instructions did not expressly define use or carry, the jury was left to give these words their ordinary and natural meanings. This is consistent with the dictates of **Bailey**.[16] The instructions at issue were drafted tightly and the jury could not have based its decision on mere possession. Logan has failed to demonstrate any actual prejudice these instructions could have caused other than the fact that they were given prior to the **Bailey** decision.

The decision appealed is AFFIRMED.

---

[16] 116 S.Ct. 501. (The word "use" in section 924 must be given its ordinary and natural meaning.)