**Juan Jose Zuniga HERNANDEZ, Petitioner,**

v.

**Charles GILKEY, Respondent.**

**No. 99–CV–974–JPG.**

United States District Court, S.D. Illinois.

Aug. 10, 2001.

[redacted]

Juan Jose Zuniga-Hernandez, Rochester, NY, Pro se.

Mark R. Niemeyer, Assistant U.S. Attorney, Fairview Heights, IL, for Respondent.

*MEMORANDUM AND ORDER*

GILBERT, District Judge.

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 11) of Magistrate Judge Philip M. Frazier recommending that the Court dismiss petitioner Juan Jose Zuniga Hernandez's ("Zuniga") petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241.

## I. Background

In February 1993, Zuniga was indicted in the Eastern District of Louisiana on several federal criminal charges, including knowingly using and carrying firearms in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Zuniga pled guilty to the charges, admitting that he had purchased guns from an undercover government agent in return for reducing the debt Zuniga was owed from his heroin sales. Zuniga assisted in packing the weapons in bags and loaded them into an undercover law enforcement vehicle. Zuniga appealed his conviction, arguing that receiving firearms in exchange for drugs did not amount to "use" of a firearm in relation to a drug trafficking crime. On April 5, 1994, the Court of Appeals for the Fifth Circuit affirmed the district court, citing *Smith v. United States,* 508 U.S. 223, 237, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993), which held that using a firearm in a guns-for-drugs trade may violate the "use" prong of § 924(c)(1). *See United States v. Zuniga–Hernandez,* 18 F.3d 1254 (5th Cir. 1994).

Zuniga filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate his § 924(c)(1) conviction on the same grounds raised in his direct appeal. The district court denied the motion, and Zuniga appealed. Several months later, in December 1995, the United States Supreme Court decided *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), which held that "use" of a firearm under § 924(c)(1) meant "active employment" of the firearm, not merely possession or other passive activity.[1] Even after *Bailey,* in February 1996 the Court of Appeals for the Fifth Circuit affirmed the district court's denial of Zuniga's § 2255 motion. *United States v. Zuniga–Hernandez,* 79 F.3d 1144 (5th Cir.1996) (Table).

Nevertheless, Zuniga continued to believe that his § 924(c)(1) conviction was invalid. After enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which restricted second § 2255 motions, Zuniga asked the Court of Appeals for the Fifth Circuit for permission to file a successive § 2255 motion to

1. Congress has since amended § 924(c)(1) to include possession of a firearm. The amended statute is not relevant to this case.

raise his argument citing *Bailey*. However, because Zuniga's petition did not meet the strict requirements for filing a successive petition under the AEDPA, the Court of Appeals for the Fifth Circuit declined to allow him to do so.

Zuniga is now incarcerated within the Southern District of Illinois and asks this Court to consider his *Bailey* argument in a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. Magistrate Judge Frazier recommends that the Court dismiss Zuniga's petition on the grounds that Zuniga's claims cannot be considered in a *habeas corpus* proceeding under § 2241. He reasoned that Zuniga had an adequate opportunity to remedy any fundamental defects in his conviction via his § 2255 motion and that the "change in law" brought about by *Bailey* would not clearly render his conviction and sentencing fundamentally defective. The Report notes that any change in the law between the time of Zuniga's § 2255 motion and the pending § 2241 petition is a result of different circuits' application of *Bailey* and is therefore not cognizable under § 2241 under the qualifications set forth by the Court of Appeals for the Seventh Circuit. *See In re Davenport*, 147 F.3d 605, 611–12 (7th Cir.1998). On one hand, three courts of appeals have held that receiving guns in payment for drugs does not constitute "use" under § 924(c)(1). *See United States v. Ulloa*, 94 F.3d 949, 956 (5th Cir. 1996); *United States v. Cannon*, 88 F.3d 1495, 1509 (8th Cir.1996); *United States v. Ramirez–Rangel*, 103 F.3d 1501, 1506 (9th Cir.1997). On the other hand, three other courts of appeals have held the opposite. *United States v. Westmoreland*, 122 F.3d 431, 435–36 (7th Cir.1997); *United States v. Warwick*, 167 F.3d 965, 975 (6th Cir. 1999); *United States v. Stewart*, 246 F.3d 728, 731 (D.C.Cir.2001). In closing, the Report notes that Zuniga would not prevail in his § 2241 petition even if the Court were to consider it because he pled to

carrying a firearm as well as using it and admitted to facts supporting his conviction under the "carry" prong of § 924(c)(1).

## II. Report and Recommendation Review Standard

After reviewing a magistrate judge's report and recommendation, a district court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed.R.Civ.P. 72(b). The court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir.1999).

Zuniga objects to the Report. He admits that there is a split in the circuits regarding whether *receiving*, as opposed to giving, guns in a guns-for-drugs trade constitutes "use" under § 924(c)(1), but points to internal disagreements within judicial panels to minimize the importance of the technical split. He also challenges the constitutionality of the qualifications set forth in *Davenport* and the knowing and voluntary nature of his plea.

## III. Analysis

The Court cannot entertain Zuniga's § 2241 petition. The essential purpose of *habeas corpus* is "to give a prisoner a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *In re Davenport*, 147 F.3d 605, 609 (7th Cir.1998). However, *habeas corpus* relief under § 2241 is available to federal prisoners in limited circumstances. It is not available where a defendant had a reasonable opportunity to challenge the legality of his sentence in a § 2255 pro-

ceeding. *Id.;* 28 U.S.C. § 2255. In fact, paragraph 5 of § 2255 explicitly states:

> An applicant for a writ of *habeas corpus* in behalf of a prisoner who is authorized to apply for relief under this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention.*

(emphasis added). The prisoner has the burden of establishing that his remedy under § 2255 was inadequate or ineffective. *Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir.1999). So long as the prisoner had one "unobstructed procedural shot" at getting a sentence vacated, he cannot resort to § 2241 to attack his conviction or sentence. *Id.* at 609–10.

Courts have found that federal prisoners do not have a fair shot at getting their sentences vacated under § 2255 when a change in the law occurs after their conviction and is made retroactive, but for some reason does not allow for a successive § 2255 motion. A successive § 2255 may be precluded because there is no newly discovered evidence or because a change in law is statutory rather than constitutional. 28 U.S.C. § 2255.

For example, in *Davenport,* the Court of Appeals allowed consideration of a federal prisoner's § 2241 *habeas corpus* petition where the non-constitutional change in the law brought about by *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), made retroactive to cases that had been decided prior to the change, *Bousley v. United States,* 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), resulted in a prisoner's being imprisoned for conduct that, because of the retroactive application of the change, was not criminal at the time of the conduct.

*Davenport,* 147 F.3d at 610–12. In examining whether the petitioner could maintain a § 2241 petition, the *Davenport* court noted that "[a] federal prisoner should be permitted to seek *habeas corpus* only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *Id.* at 611. The court then set forth three requirements before a prisoner can bring a § 2241 challenging his conviction: (1) the change in law of which the prisoner seeks to take advantage must have been made retroactive by the Supreme Court, (2) the prisoner must be unable to file a successive § 2255 motion and (3) the change must be more than the difference between the law of the circuit of the prisoner's conviction (the § 2255 venue) and the law of the circuit of his incarceration (the § 2241 venue).

 The Court finds that Zuniga had a reasonable opportunity to obtain earlier judicial correction of any errors in his conviction in his first § 2255 motion. In fact, although prior to *Bailey,* Zuniga's direct appeal and his § 2255 motion contained arguments remarkably similar to those ultimately adopted in *Bailey:* that "use" under § 924(c)(1) did not include certain passive uses of firearms. The Court of Appeals for the Fifth Circuit had an opportunity to pass on this argument after *Bailey* had been decided when it heard the appeal of Zuniga's § 2255 case. Unfortunately for Zuniga, the Court did not buy his argument even in light of Bailey, *see, e.g., United States v. Ulloa,* 94 F.3d 949, 956 (5th Cir.1996), although it could have and then would certainly have remanded the case for reconsideration of the § 2255 motion in light of *Bailey.* Therefore, it appears that Zuniga has not been deprived of a reasonable opportunity to obtain earlier judicial correction of a

fundamental defect in his conviction or sentence because the law changed after his first § 2255 motion. He has merely been deprived of a reasonable opportunity to obtain earlier judicial correction *within the Seventh Circuit* of a fundamental defect in his conviction or sentence because the law *as applied by the Seventh Circuit* changed after his first § 2255 motion. No law entitles Zuniga to collateral review in a specific judicial circuit other than the circuit of his conviction, and this is reflected in *Davenport*'s requirement that any "change in law" not merely be the result of a circuit split.

■ Zuniga argues that *Davenport*'s third requirement—that the change in law not be due to a disagreement among courts of appeals—violates his Fourteenth Amendment equal protection rights, which the Fifth Amendment Due Process Clause makes applicable to the federal government. In order to show that the *Davenport* requirement violates equal protection guarantees, Zuniga must show, among other things, that similarly situated persons in a different group are treated differently under the rule without a legally sufficient basis for doing so. *See Chavez v. Illinois State Police*, 251 F.3d 612, 635 (7th Cir. 2001). He argues that, with respect to filing § 2241 petitions, federal prisoners confined within the Seventh Circuit (or other circuits that interpret *Bailey* in his favor) are treated differently from federal prisoners confined within other circuits that do not interpret *Bailey* in his favor.

■ Zuniga overlooks the fact that the *Davenport* rule is far from arbitrary. It actually has a very rational basis and treats similarly situated individuals the same. The rule ensures that the law that prevails in the judicial circuit of any federal prisoner's conviction, or a substantially similar law, is the law that will be applied to the prisoner's § 2241 petition seeking vacation of a conviction. Application of the law of the place of conviction is a consistent, reasonable rule, as is evidenced by the requirement that § 2255 motions be filed in the district of conviction. The rule Zuniga believes appropriate—applying the substantive law of the place of confinement—is actually far more arbitrary. Such a rule would base the choice of law decision on the fortuitous placement of a prisoner by the Bureau of Prisons, not the more rational factor of the place of conviction. It would result in similarly situated prisoners—perhaps even co-defendants convicted of the exact same crimes—being treated differently because of their location of confinement. It would also raise the possibility of prisoner "forum shopping" by behavior modification. For example, a prisoner desiring to have Seventh Circuit law apply to him could misbehave in order to be sent to USP–Marion, a maximum security facility in Marion, Illinois.

In sum, Zuniga has not pointed to any similarly situated person in a different group that has been treated differently without an adequate legal basis. Thus, his equal protection objection to *Davenport*'s third criteria must fail. Zuniga should note that, even under *Davenport*, if the Court of Appeals for the Fifth Circuit changes its application of *Bailey* to make Zuniga's receipt of weapons not equivalent to "use" under § 924(c)(1), Zuniga has a colorable argument that he should be able to file a § 2241. If that time ever comes, the change in law may amount to more than a circuit split, and *Davenport* may no longer be an obstacle to filing a § 2241 petition. Until then, the current Fifth Circuit application of the law applies, and the Court of Appeals for the Seventh Circuit will not permit the Court to entertain Zuniga's petition.

For the foregoing reasons, the Court finds that Zuniga cannot pursue his argu-

ments in a *habeas* petition under § 2241. Therefore, under paragraph 5 of § 2255, the Court cannot even entertain his *habeas* petition and must dismiss this case for lack of subject matter jurisdiction.

## IV. Conclusion

For the foregoing reasons, the Court hereby:

- **ADOPTS** the Report (Doc. 11) as **MODIFIED** by this order,
- **DISMISSES** for lack of jurisdiction Zuniga's petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1), and
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**