IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11191
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBEN ROCHA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CV-2456-G
USDC No. 3:89-CR-95-3-G
--------------------
September 3, 2002

Before HIGGINBOTHAM, SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ruben Rocha, federal prisoner # 18815-077, appeals from the district court's dismissal of his 28 U.S.C. § 2255 motion in which he sought to challenge his 18 U.S.C. § 924(c) firearm conviction in light of Bailey v. United States, 516 U.S. 137 (1995). He argues that the district court erred in not allowing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

him to bring this claim pursuant to the savings clause of 28 U.S.C. § 2255.

This court had granted Rocha a certificate of appealability on the issue whether the expiration of the limitations period to seek relief pursuant to 28 U.S.C. § 2255 may render that section ineffective as an avenue of relief on claims raised pursuant to Bailey, allowing a prisoner to seek relief pursuant to 28 U.S.C. § 2241. However, we decline to reach that issue because the district court's judgment may be affirmed on other grounds. See United States v. Flores, 135 F.3d 1000, 1002 (5th Cir. 1998).

In order to file a 28 U.S.C. § 2241 petition pursuant to the savings clause of 28 U.S.C. § 2255, the petitioner must show that 1) his claims are based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and 2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first 28 U.S.C. § 2255 motion. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). Rocha argues that in light of Bailey, his conviction for "use" of a firearm cannot be sustained. However, Rocha was also indicted for and convicted of "carrying" a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c). This court has already held that there was sufficient evidence to support that conviction. See United States v. Rocha, 916 F.2d 219, 236-37 (5th Cir. 1990). As Bailey had no effect on the

definition of "carrying" under 18 U.S.C. § 924(c), <u>see</u> <u>United States v. Rivas</u>, 85 F.3d 193, 195 (5th Cir. 1996), Rocha was convicted of an offense and cannot meet the first prong of the <u>Reyes-Requena</u> test. Accordingly, the district court's judgment denying his 28 U.S.C. § 2255 motion is AFFIRMED.