IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41429
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE DAVID ROBLES-NUNEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:99-CR-27-1
--------------------
September 27, 2000

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:*

Jose David Robles-Nunez ("Robles") appeals his guilty-plea conviction for one count of unlawful presence in the United States in violation of 8 U.S.C. § 1326(a). Although the Government argues that Robles waived his appellate issues in his plea agreement, we pretermit this issue in light of United States v. Robinson, 187 F.3d 516, 518 (5th Cir. 1999), and address the merits of Robles' claims.

Robles first argues that there was an insufficient factual basis for his plea because he is not in fact an alien. Robles

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the district court erred by finding him to be an alien because he had resided in the United States for the majority of his life and, therefore, is an American national.

"The district court's acceptance of a guilty plea is considered a factual finding that there is an adequate basis for the plea.  We therefore review this finding for clear error." United States v. Rivas, 85 F.3d 193, 194 (5th Cir. 1996).  Robles does not provide any legal support for his proposition that being a long-term resident of the United States and having a subjective belief that he owes permanent allegiance to this country confers national status upon an individual, nor have we found any such support.  In fact, each case cited to by Robles has held the opposite of his contention.  See United States v. Sotelo, 109 F.3d 1446, 1448 (9th Cir. 1997)(national status is primarily attained through birth); Oliver v. United States Dep't. of Justice, INS, 517 F.2d 426, 427 (2nd Cir. 1975)(lengthy residence in the United States did not confer national status).  This contention has no merit and the district court did not clearly err in accepting his plea.

Robles' second contention is that the district court erred by determining that it did not have the authority to insure that he was given credit on his federal sentence for the time he served after he voluntarily surrendered his bond and was in a state facility.  Under 18 U.S.C. § 3585(b), a defendant is to be given credit toward his federal sentence for any time he spent in official detention prior to being received into federal custody "that has not been credited against another sentence."  However,

a district court is not authorized to compute service credit under § 3585; credit awards are to be made by the Attorney General, through the Bureau of Prisons. <u>United States v. Wilson</u>, 503 U.S. 329, 335 (1992).

Although Robles argues that other circuits have interpreted <u>Wilson</u> to allow the district courts to give credit for time served in state custody, those cases, to the extent that they may obtain a different result from <u>Wilson</u>, are not persuasive in this instance because they involve the application of provisions in the Sentencing Guidelines. Accordingly, Robles must request such credit directly from the Bureau of Prisons. <u>See</u> <u>United States v. Dowling</u>, 962 F.2d 390, 393 (5th Cir. 1992).

AFFIRMED.