**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

————————————

No. 95-30901

————————————


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MICHAEL JUSTIN ELLIOTT,

Defendant-Appellant.


————————————————

Appeal from the United States District Court
for the Western District of Louisiana
(92-CR-20023)

————————————————

September 9, 1996

Before WISDOM, SMITH, and PARKER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Michael Elliott appeals the denial of his motion for post-conviction relief pursuant to 28 U.S.C. § 2255 (1994). Finding no error, we affirm.


I.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After stopping a pickup driven by Elliott for improper lane usage, a deputy sheriff arrested him for driving without a valid driver's license and resisting arrest by providing false information. Jeanne FreemanSSElliott's girlfriend, the owner of the truck, and the only passengerSSthen drove the truck to the police station.

The police searched the truck at the station and found a loaded revolver under a pillow on the front seat and an unloaded shotgun and thirty pounds of marihuana in the back. At a suppression hearing, Freeman testified that Elliott stole the marihuana in Arizona, that they were driving to Florida to sell the marihuana when the deputy stopped them, and that the pistol was on the truck's front seat at that time.

Elliott pleaded guilty to possession of marihuana with intent to distribute and using or carrying a firearm during and in relation to a drug-trafficking offense. Elliott later filed a § 2255 motion, contending that he received ineffective assistance of counsel, his conviction violated the double jeopardy clause, the district court misapplied the sentencing guidelines, and the court fined him without holding a proper hearing. The district court denied the motion.

## II.

Elliott contends that he received ineffective assistance of counsel because his attorney was lackadaisical and required

substantial prodding before he would take any action on Elliott's behalf.  In fact, Elliott asserts that his relatives retained another attorney because of his appointed counsel's inadequacies.

Specifically, Elliott argues that his counsel (1) failed to accept collect calls or to meet with Elliott to discuss trial strategy; (2) could have rebutted Freeman's self-serving testimony if he had conducted a proper investigation; and (3) encouraged him to plead guilty even though the evidence was insufficient to support a conviction.[1]

Elliott did not present his claims regarding lack of consultation and investigation to the district court.  Accordingly, he may not raise them on appeal.  *See, e.g., United States v. Faubion*, 19 F.3d 226, 232 n.31 (5th Cir. 1994).

Even if those claims were properly before us, we would reject them.  Elliott does not assert that further consultation would have enabled his attorney to develop additional evidence or defenses, or that it otherwise would have affected his decision to plead guilty.  Thus, Elliott is not entitled to relief based upon inadequate consultation.  *See Murray v. Maggio*, 736 F.2d 279, 282-83 (5th Cir. 1984).  Similarly, Elliott's failure to identify any specific evidence that counsel could have discovered is fatal to his inadequate investigation claim.  *See Anderson v. Collins*, 18 F.3d

---

[1] Elliott attached two documents to his appellate brief and requested that we include them in the record on appeal.  We have already granted the government's motion to strike those documents.

3

1208, 1221 (5th Cir. 1994).

Finally, Elliott argues that his attorney's willingness to permit him to plead guilty amounted to ineffective assistance because the evidence against him was insufficient to support a conviction.  Elliott raised this argument in his motion in the district court and in his reply brief on appeal, but omitted it from his main appellate brief.  Thus, he abandoned it.[2]

Even if we were to reach that claim, we would deny it. Freeman's testimony and the physical evidence seized from the truck would have been sufficient to support convictions on the drug and weapons charges.

### III.

Elliott contends that his plea to the weapons charge lacks a factual basis in light of a subsequent Supreme Court decision holding that a defendant must actively employ a firearm to be convicted of "using" it.  *See Bailey v. United States*, 116 S. Ct. 501, 505 (1995).  Elliott raises this claim for the first time on appeal of the denial of his § 2255 motion.  Assuming *arguendo* that Elliott may attack his plea in this procedural posture, we find that *Bailey* is of no assistance to him.

---

[2] *See Al-Ra'id v. Ingle*, 69 F.3d 28, 31 (5th Cir. 1995) (stating that though we interpret *pro se* litigants' briefs liberally, we require them to comply with briefing requirements); *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir.) ("An appellant abandons all issues not raised and argued in its *initial* brief on appeal."), *cert. denied*, 115 S. Ct. 189 (1994).

4

Elliott pleaded guilty to a count charging that he "knowingly used and carried firearms . . . during and in relation to a drug trafficking crime."  Thus, his plea is valid if there is a factual basis sufficient to meet either the "using" or the "carrying" requirement of 18 U.S.C. § 924(c) (1994).  *United States v. Rivas*, 85 F.3d 193, 195 (5th Cir. 1996).

"[B]ecause *Bailey* did not address the 'carrying' requirement, prior precedent analyzing that prong was 'not affected.'"  *Rivas*, 85 F.3d at 195 (quoting *United States v. Farris*, 77 F.3d 391, 395 n.4 (11th Cir.), *petition for cert. filed* (July 29, 1996) (No. 96-5402)).  We have held repeatedly, both before and after *Bailey*, that a defendant who drove a vehicle knowing that a gun was present in it is guilty of "carrying" the gun.[3]  The factual stipulation supporting Elliott's plea and the evidence presented at the suppression hearing indicate that Elliott drove the truck knowing that there were two guns in it.  Thus, there is a strong factual basis for Elliott's plea, before and after *Bailey.*

IV.

Finally, Elliott's brief contains the following argument headings:  "DOUBLE JEOPARDY" and "FINE IMPOSED WITHOUT PROPER

---

[3] *See, e.g., Rivas*, 85 F.3d at 195; *United States v. Fike*, 82 F.3d 1315, 1328 (5th Cir.), *petition for cert. filed* (July 29, 1996) (No. 96-5403); *United States v. Pineda-Ortuno*, 952 F.2d 98, 104 (5th Cir.), *cert. denied*, 504 U.S. 928 (1992).

HEARING TO DETERMINE PETITIONER'S ABILITY TO PAY." Elliott abandoned these claims by failing to present supporting arguments in his appeal brief. *See supra* note 2.

AFFIRMED.