United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41091
Conference Calendar

_____

THOMAS PADILLA,

Petitioner-Appellant,

versus

JONATHON DOBRE, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-157
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Thomas Padilla (Padilla), federal prisoner # 18822-077, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition in which he challenged his two convictions for aiding and abetting the carrying and use of a firearm during the commission of a crime of violence, violations of 18 U.S.C. § 924(c) and § 2. Padilla argues that his firearms convictions are invalid pursuant to Bailey v. United States, 516 U.S. 137 (1995) because the district court gave an improper jury

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

instruction regarding "use" of a firearm under § 924(c).  He also argues that the district court's erroneous pre-Bailey "use" instruction constructively amended the indictment to include a charge of possession of a firearm.  Padilla further contends that Count 11 of the indictment is fatally defective because it does not specify which federal statute he violated.

In order to file a 28 U.S.C. § 2241 petition pursuant to the savings clause of 28 U.S.C. § 2255, the petitioner must show that: (i) his claims are based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first 28 U.S.C. § 2255 motion.  See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).  Padilla's Bailey-based claims fail to satisfy the requirements of the savings clause because Padilla was indicted for and convicted of aiding and abetting the use and carrying of a firearm during the commission of a crime of violence.  As Bailey had no effect on the definition of "carrying" under 18 U.S.C. § 924(c), see United States v. Rivas, 85 F.3d 193, 195 (5th Cir. 1996), Padilla was convicted of an offense.  Thus, he cannot meet the first prong of the Reyes-Requena test.

For the first time on appeal, Padilla argues that Count 11 of the indictment is fatally defective because it fails to

specify which federal statute he violated.  This newly raised claim is not reviewable for the first time on appeal.  <u>See</u> <u>United States v. Pardue</u>, 36 F.3d 429, 431 (5th Cir. 1994).

Accordingly, the district court's dismissal of Padilla's § 2241 petition is AFFIRMED.