United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30920
Summary Calendar

EUGENIO BALDERAS, JR.,

Petitioner-Appellant,

versus

J.P. YOUNG,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:04-CV-1461
--------------------

Before JONES, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Eugenio Balderas, Jr., appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition for failure to satisfy the requirements of the savings clause of 28 U.S.C. § 2255. He seeks to challenge his conviction for using or carrying a firearm during and in relation to a crime of violence, pursuant to 18 U.S.C. § 924(c), on the ground that it cannot be sustained following <u>Bailey v. United States</u>, 516 U.S. 137 (1995), which decision issued after his direct appeal and first § 2255 motion.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court correctly determined that Balderas had not made the required showing that the Bailey decision rendered him actually innocent so as to satisfy the savings clause of § 2255 and qualify for relief under § 2241. See Christopher v Miles, 342 F.3d 378, 382 (5th Cir. 2003); Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). Balderas asserts that there is no evidence that he actively employed the firearm at issue in this case and that his conviction therefore cannot stand post-Bailey. Section 924 is two-pronged, however, and the summary of the trial evidence, which showed that Balderas delivered the murder weapon to his coconspirator to shoot the intended victim in a murder-for-hire scheme, was sufficient to support Balderas's conviction under the "carry" prong of § 924(c). See United States v. Schmalzried, 152 F.3d 354, 356-57 (5th Cir. 1998); see also United States v. Rivas, 85 F.3d 193, 195 (5th Cir. 1996).

Balderas complains that the Government did not present, and the district court did not refer to, the original trial transcript, and he urges that it was error to rely on this court's summary of the trial evidence on direct appeal, since the direct appeal predated Bailey. However, Balderas does not challenge the accuracy of the summary of the evidence. Instead, he complains that there is no evidence specifying the exact time and place he gave the gun to Cabello and baldly asserts that the fact that he delivered the gun to Cabello was no more than speculation.

Specific testimony regarding the time and place that Balderas

2

actually transferred the gun to Cabello to kill Garcia was not necessary. See Schmalzreid, 152 F.3d at 356-57. To the extent that Balderas argues that his "passive possession" of the gun was insufficient to support his conviction under the "carry" prong, he is incorrect. See Schmalzried, 152 F.3d at 356-57.

Balderas's contention that the district court's jury charge was erroneous because it did not specifically define "use" or "carry" is without merit. See United States v. Logan, 135 F.3d 353, 356 (5th Cir. 1998). His challenge to the trial court's failure to instruct the jury that its verdict must be unanimous was raised and rejected on direct appeal and is barred by the doctrine of res judicata. See United States v. Razo-Leora, 961 F.2d 1140, 1143 (5th Cir. 1992). Balderas's new argument that the district court erroneously instructed the jury that it could find him guilty if he had used or carried "a firearm during or in relation to" a crime of violence will not be addressed as it is raised for the first time in his reply brief. See United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989).

The district court's judgment is AFFIRMED.