United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40985
Summary Calendar

_____

JUAN JOSE ZUNIGA-HERNANDEZ,

Petitioner-Appellant,

versus

RUDY CHILDRESS, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CV-775
--------------------

Before Jolly, Dennis, and Clement, Circuit Judges.

PER CURIAM:[*]

Juan Jose Zuniga-Hernandez, federal prisoner # 23429-034, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, wherein he challenged his conviction for using and carrying firearms and machineguns during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Zungina-Hernandez challenges his conviction based on Bailey v. United States, 516 U.S. 137 (1995) and a defective indictment claim.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Zuniga-Hernandez asserts that his challenge to his § 924(c) conviction falls within the savings clause of 28 U.S.C. § 2255. Zuniga-Hernandez pleaded guilty to using and carrying firearms and machineguns during and in relation to a drug trafficking crime, in violation of § 924(c). See United States v. Zuniga-Hernandez, 18 F.3d 1254, 1257, 1259 (5th Cir. 1994). Bailey did nothing to affect Zuniga-Hernandez's conviction for carrying firearms and machineguns. See United States v. Rivas, 85 F.3d 193, 195 (5th Cir. 1996). Zuniga-Hernandez therefore cannot show that he "may have been convicted of a nonexistent offense." See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Additionally, with regard to his indictment claim, Zuniga-Hernandez has not shown that there is "a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." See Reyes-Requena, 243 F.3d at 904. Therefore, Zuniga-Hernandez's challenge to the indictment does not fall within the savings clause of § 2255.

Accordingly, the district court's judgment is AFFIRMED.