# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 12-40176

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2013

Lyle W. Cayce
Clerk

JUAN JOSE ZUNIGA-HERNANDEZ,

Petitioner-Appellant

v.

RUDY CHILDRESS, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CV-295

Before KING, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Petitioner Juan Jose Zuniga-Hernandez appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. He argues that his conviction for using and carrying firearms and machineguns during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) is rendered invalid by the Supreme Court's decision in *Watson v. United States*, 552 U.S. 74 (2007). For the reasons that follow, the district court's judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40176

## I. FACTUAL AND PROCEDURAL BACKGROUND

The factual background of Zuniga's offense is fully discussed in our prior decision addressing his direct appeal. *See United States v. Zuniga*, 18 F.3d 1254, 1256–57 (5th Cir. 1994). Of relevance here is that on December 10, 1992, Zuniga and his father met with undercover agents and a cooperating individual in Jefferson Parish, Louisiana. There, Zuniga was shown various firearms. Zuniga inspected the weapons and agreed to accept several as partial payment for four ounces of heroin given to the cooperating individual earlier that day. Zuniga helped load the firearms, including two machineguns, into the trunk of an automobile that Zuniga had been led to believe would take the weapons back to Houston, Texas. The undercover agents then drove Zuniga and his father to another location where the agents represented that Zuniga would receive the remaining payment. Zuniga was then arrested.

On February 17, 1993, a grand jury returned a four-count superseding indictment charging Zuniga with conspiracy to distribute heroin, distribution of heroin, using and carrying firearms and machineguns during and in relation to a drug trafficking crime, and possession of machineguns. After Zuniga pleaded guilty to all four counts, the district court sentenced him to concurrent seventy-eight-month sentences on Counts 1, 2, and 4, and to a consecutive thirty-year sentence on Count 3.

On direct appeal, Zuniga challenged his conviction on Count 3 arguing that "bartering drugs for weapons did not constitute 'use' of a weapon within the context of [§] 924(c)(1)." *Zuniga*, 18 F.3d at 1257. Relying on the Supreme Court's decision in *Smith v. United States*, 508 U.S. 223 (1993), which held that using a firearm in a guns-for-drugs trade could constitute "use" under § 924(c)(1), we affirmed Zuniga's sentence. *Zuniga*, 18 F.3d at 1258–59.

Zuniga thereafter repeatedly (and unsuccessfully) challenged his § 924(c)(1) conviction. In 1996, we affirmed dismissal of his 28 U.S.C. § 2255

2

motion, in which he argued that his conviction "resulted from a judicial enlargement of the statute in violation of the *ex post facto* clause." *United States v. Hernandez*, 79 F.3d 1144 (5th Cir. 1996) (unpublished table decision) (per curiam). In 2006, we affirmed the district court's dismissal of Zuniga's § 2241 petition challenging his § 924(c)(1) conviction based on the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137, 143 (1995).[1] *See Zuniga-Hernandez v. Childress*, 205 F. App'x 236, 237 (5th Cir. 2006) (unpublished) (per curiam).

Following the Supreme Court's decision in *Watson*, Zuniga again sought relief, this time in the Eastern District of Louisiana. The district court construed Zuniga's filing as a successive 28 U.S.C. § 2255 motion and transferred it to this court for consideration as a motion for authorization to file a successive § 2255 motion. We denied authorization to file a successive § 2255 motion because Zuniga had failed to show that *Watson* set forth a new rule of constitutional law and that the Supreme Court made *Watson* retroactive to cases on collateral review. *In re Zuniga-Hernandez*, No. 09-31213 (5th Cir. Apr. 6, 2010) (per curiam). Subsequently, we again denied Zuniga leave to file a successive § 2255 motion on the ground that *Watson* did not set forth a new rule of constitutional law. *In re Zuniga*, No. 11-30135 (5th Cir. Apr. 27, 2011) (per curiam).

In June 2011, Zuniga filed the present § 2241 petition and once again argued that under *Watson* he was serving a prison sentence for a nonexistent offense. The district court referred the petition to a magistrate judge who recommended that the petition be dismissed. The magistrate judge reasoned that *Watson* was distinguishable because Zuniga also pleaded guilty to

---

[1] While incarcerated in the Southern District of Illinois, Zuniga filed a separate § 2241 petition. *See Hernadez v. Gilkey*, 242 F. Supp. 2d 549 (S.D. Ill. 2001). The district court dismissed the petition for lack of subject matter jurisdiction. *Id.* at 554–55.

No. 12-40176

carrying firearms and "the Supreme Court did not rule [on] whether a defendant who came into possession of a firearm by trading drugs for it could be convicted of carrying a firearm in connection with a drug trafficking offense."  Over objections, the district court adopted the magistrate judge's report and recommendation.  Zuniga timely appealed.

## II. STANDARD OF REVIEW

We review a district court's dismissal of a § 2241 petition de novo. *Garland v. Roy*, 615 F.3d 391, 396 (5th Cir. 2010).

## III. DISCUSSION

On appeal, Zuniga contends that his § 2241 petition should be granted because *Watson* makes clear that he did not "use" a firearm under § 924(c)(1). He further argues that the district court accepted his guilty plea only as to his use of firearms and that the factual record does not support his conviction for "carrying" firearms.  The government responds that *Watson* only discussed the "use" aspect of § 924(c)(1) and that a review of the facts underlying Zuniga's conviction clearly shows that Zuniga was "carrying" a firearm.  We conclude that the district court correctly dismissed Zuniga's § 2241 petition.

A federal prisoner may attack the validity of his conviction in a § 2241 petition if he can meet the requirements of 28 U.S.C. § 2255's savings clause. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000) (per curiam).  To do so, the prisoner must show that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention."  *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (emphasis omitted) (quoting 28 U.S.C. § 2255).  This court has interpreted § 2255 as setting forth the following three requirements for proceeding under § 2241:

> (1) the petition raises a claim that is based on a retroactively applicable Supreme Court decision; (2) the claim was previously foreclosed by circuit law at the time when [it] should have been raised in petitioner's trial, appeal, or first § 2255 motion; and (3)

4

that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense.

*Garland*, 615 F.3d at 394 (quoting *Reyes-Requena*, 243 F.3d at 904) (alteration in original) (internal quotation marks omitted).

Assuming *arguendo* that Zuniga's reliance on *Watson* satisfies the first two requirements of § 2255's savings clause, we focus our analysis on whether Zuniga's conviction on Count 3 was based on a "nonexistent offense." *Reyes-Requena*, 243 F.3d at 904. The Supreme Court in *Watson* held that a defendant who receives a firearm in exchange for drugs does not "use" the firearm within the meaning of § 924(c)(1). 552 U.S. at 83. Because he pleaded guilty only to using firearms in a manner the *Watson* Court determined could not constitute "use," Zuniga maintains that he is entitled to relief.

The problem with this argument of course is that Zuniga did not plead guilty merely to "use." As it existed at the time of Zuniga's conviction, § 924(c)(1) penalized the use or carrying of a firearm "during and in relation to" a drug trafficking offense.[2] 18 U.S.C. § 924(c)(1) (1994). We have held that "[w]here a conviction fails under the 'use' prong of § 924(c)(1) . . ., it may stand if the 'carry' prong is satisfied." *United States v. Schmalzried*, 152 F.3d 354, 356 n.4 (5th Cir. 1998) (per curiam) (citation omitted); *see United States v. Still*, 102 F.3d 118, 124 (5th Cir. 1996) ("A disjunctive statute may be pleaded conjunctively and proved disjunctively.").

Here, Zuniga pleaded guilty to both using and carrying firearms. Count 3 of the superseding indictment stated that

> On or about the 10th of December, 1992, in the Eastern District of Louisiana, the defendants, JUAN JOSE ZUNIGA-HERNANDEZ and SALVADOR ZUNIGA-GONZALES, did knowingly *use and*

---

[2] Congress subsequently amended § 924(c)(1) to provide increased penalties for anyone who "uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." *United States v. Cole*, 423 F. App'x 452, 460 n.2 (5th Cir. 2011) (unpublished) (per curiam) (internal quotation marks and citation omitted).

*carry* firearms . . . during and in relation to drug trafficking crimes . . . in violation of Title 18, United States Code, Section 924(c)(1).

(emphasis added).[3]  The rearraignment transcript likewise shows that the district court, in reading the superseding indictment, stated that Count 3 charged that Zuniga "did knowingly use and carry firearms."  Lastly, the presentence investigation report (which Zuniga attaches to his petition and to which he did not object) mirrors the indictment's language and states that Zuniga "did knowingly use and carry firearms . . . during and in relation to drug trafficking crimes, i.e. conspiracy to distribute heroin and distribution of heroin."

Even this court has taken note of the fact that Zuniga's guilty plea was not limited merely to "use."  Indeed, we rejected Zuniga's prior § 2241 petition for that very reason.  In 2004, Zuniga filed a § 2241 petition challenging his § 924(c)(1) conviction in light of *Bailey*, wherein the Supreme Court held that "use" required evidence sufficient to show "*active employment* of the firearm by the defendant."  516 U.S. at 143 (emphasis in original).  We affirmed the district court's dismissal of the § 2241 petition on the ground that Zuniga "pleaded guilty to using *and* carrying firearms and machineguns during and in relation to a drug trafficking crime."  *Zuniga-Hernandez*, 205 F. App'x at 237 (emphasis added).  Because "*Bailey* did nothing to affect [Zuniga's] conviction for *carrying* firearms and machineguns," Zuniga could not show that he was convicted of a nonexistent offense.  *Id.* (emphasis added).

Although Zuniga now relies on *Watson*, instead of *Bailey*, his argument remains the same—that the Supreme Court has interpreted § 924(c)(1) in a

---

[3] Although the superseding indictment was not included in the parties' briefs, we take judicial notice of it.  Fed. R. Evid. 201; *see United States v. Elashyi*, 554 F.3d 480, 501 n.9 (5th Cir. 2008).

manner inconsistent with his conviction under the "use" prong. As before, because Zuniga pleaded guilty to both using and carrying firearms, the fact that his conviction under one prong may be invalid does not entitle him to relief. *See Still*, 102 F.3d at 124–25.

Moreover, we reject Zuniga's argument that the facts of his case are insufficient to support his conviction under § 924(c)(1)'s "carry" prong. "It is clear that our jurisprudence in a non-vehicle context requires both that the weapon be moved in some fashion and that it be within arm's reach (readily accessible) for a violation of the 'carry' prong of § 924(c)(1)." *United States v. Wainuskis*, 138 F.3d 183, 187 (5th Cir. 1998). Further, the weapon must be "moved or transported in some manner, or borne on one's person, during and *in relation to* the commission of the drug offense." *Schmalzried*, 152 F.3d at 356–57 (emphasis added). The Supreme Court has stated that "[t]he phrase 'in relation to' is expansive," and interpreted it to mean that "the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." *Smith*, 508 U.S. at 238; *see also Muscarello v. United States*, 524 U.S. 125, 137 (1998) ("Congress added these words in part to prevent prosecution where guns 'played' no part in the crime.").

Here, in the course of negotiating a heroin sale, Zuniga inspected several firearms offered by the undercover officers. He agreed to accept some of them in exchange for a partial credit against the amount owed for the heroin. He then helped pack the firearms into bags. Finally, he helped load the weapons into a vehicle he believed would take the guns back to Houston. Under these facts, we have little difficulty in finding that the evidence supporting Zuniga's

No. 12-40176

guilty plea under § 924(c)(1)'s "carry" prong is sufficient.[4] *See Wainuskis*, 138 F.3d at 187–88; *see also Balderas v. Young*, 202 F. App'x 745, 747 (5th Cir. 2006) (unpublished) (per curiam) (evidence showing that defendant delivered murder weapon to coconspirator to shoot intended victim in murder-for-hire scheme was sufficient to support conviction under "carry" prong).

## IV. CONCLUSION

For the aforementioned reasons, the district court's judgment is AFFIRMED.

---

[4] We recognize that several courts have interpreted *Watson* to apply to both the "use" and "carry" prongs in the context of a drugs-for-guns trade. *See United States v. Carillo-Ayala*, 713 F.3d 82, 96 n.12 (11th Cir. 2013) (remarking in dicta that under *Watson* "a defendant who *receives* a firearm in exchange for drugs does *not* use or carry a firearm during and 'in relation to' a drug trafficking crime." (emphasis in original)); *United States v. Campbell*, 436 F. App'x 518, 527 (6th Cir. 2011) (unpublished) (interpreting *Watson* to mean that "a defendant cannot be convicted under the 'uses or carries' prong of § 924(c) simply by engaging in a barter transaction in which the defendant exchanges drugs for a firearm"); *United States v. Woods*, No. 5:03cr30054-1, 2010 WL 4878447, at *2 (W.D. Va. Nov. 24, 2010) (unpublished). These decisions are neither binding on us nor appear precedential within their own circuits. They also are not representative of many other decisions that have, in our view, correctly recognized *Watson*'s narrow scope. *See, e.g., Fuller v. United States*, 849 F. Supp. 2d 635, 641–43 (W.D. Va. 2012) (*Watson* only "eliminated one narrow form of 'use' under § 924(c)—use of a firearm as an item of barter in exchange for drugs"); *Bogardus v. United States*, Nos. CV 110-115, CR 105-014, 2012 WL 292870, at *8 (S.D. Ga. Jan. 4, 2012) (unpublished) ("[T]he holding [in] *Watson* has no bearing on the verb 'carrying.'"), *report and recommendation adopted by* 2012 WL 289874 (S.D. Ga. Jan. 31, 2012); *Winkelman v. Holt*, No. 4:CV-09-0300, 2009 WL 1314864, at *8–9 (M.D. Pa. May 8, 2009) (unpublished) (dismissing habeas petition because although *Watson* "held that a person trading his drugs for firearms did not 'use' a firearm . . . [Petitioner] was charged and convicted of not only using a firearm but with carrying and possessing firearms"). In any event, our ruling is limited to finding that on the facts of this case the district court correctly dismissed Zuniga's § 2241 petition. *See Schmalzried*, 152 F.3d at 357–58 (remanding for entry of a new plea where "record's silence render[ed] a critical element of a 'carry' offense under § 924(c)(1) unsatisfied"). We express no opinion as to whether a defendant engaged in a drugs-for-guns transaction would fall under § 924(c)(1)'s "carry" prong where he did not inspect, handle, and pack the firearms himself. *See Bailey*, 516 U.S. at 146 ("Under the interpretation we enunciate today, a firearm can be used without being carried, *e.g.,* when an offender has a gun on display during a transaction, or barters with a firearm *without handling it . . . .*" (emphasis added)).